**TARTER KRINSKY & DROGIN LLP**
Richard L. Steer
Tara T. Carolan
Lynn Hsieh
1350 Broadway, 11th Floor
New York, NY 10018
(212) 216-8000

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GLYNNIS GONZALES, KRIZIA JENNIFER FRANCISCO, BOPEEP G. JACAR, and LEA C. FORMELOZA, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> – against – <br><br> UNITED STAFFING REGISTRY, INC. d/b/a United Home Care and BENJAMIN H. SANTOS, <br><br> Defendants. | Case No. 19-cv-6616 (PKC)(VMS) <br><br> **ANSWER TO CLASS ACTION COMPLAINT AND DEFENSES** |

Defendants United Staffing Registry, Inc. d/b/a United Home Care ("USR") and Benjamin H. Santos ("Santos") (collectively, "Defendants"), by their undersigned attorneys, Tarter Krinsky & Drogin LLP, as and for their Answer to the Class Action Complaint (the "Complaint") filed on November 22, 2019 by Plaintiffs Glynnis Gonzales ("Gonzales"), Krizia Jennifer Francisco ("Francisco"), Bopeep G. Jacar ("Jacar"), and Lea C. Formeloza ("Formeloza") (collectively, "Plaintiffs"), state as follows:

1. Defendants admit that Plaintiffs purport to bring the action as alleged in Paragraph "1" of the Complaint, but deny all allegations of any violations of the law.

2. Defendants deny the allegations in Paragraph "2" of the Complaint.

3. Defendants deny the allegations in Paragraph "3" of the Complaint.

4. Defendants deny the allegations in Paragraph "4" of the Complaint.

5. Defendants admit that Plaintiffs seek the relief alleged in Paragraph "5" of the Complaint, but deny all allegations regarding any violations of the law, and refer all questions of law therein to the Court for its determination.

### Jurisdiction and Venue

6. The allegations in Paragraph "6" of the Complaint assert legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph "6" of the Complaint and refer all questions of law in Paragraph "6" of the Complaint to the Court for its determination.

7. The allegations in Paragraph "7" of the Complaint assert legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph "7" of the Complaint, and refer all questions of law to the Court for its determination.

### The Parties

8. Upon information and belief, Defendants admit the allegations in Paragraph "8" of the Complaint.

9. Upon information and belief, Defendants admit the allegations in Paragraph "9" of the Complaint.

10. Upon information and belief, Defendants admit the allegations in Paragraph "10" of the Complaint.

11. Upon information and belief, Defendants admit the allegations in Paragraph "11"

of the Complaint.

12. Defendants admit the allegations in Paragraph "12" of the Complaint, except refer all questions of law therein to the Court for its determination.

13. Defendants admit the allegations in Paragraph "13" of the Complaint.

14. Defendants deny the allegations in Paragraph "14" of the Complaint.

15. Defendants deny the allegations in Paragraph "15" of the Complaint.

16. The allegations in Paragraph "16" of the Complaint assert legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph "16" of the Complaint and refer all questions of law in Paragraph "16" of the Complaint to the Court for its determination.

**Facts Common to All Claims**

17. Defendants deny the allegations in Paragraph "17" of the Complaint except admit that USR has recruited foreign nurses to work in New York.

18. Defendants deny the allegations in Paragraph "18" of the Complaint except admit that on or about March 15, 2018, Plaintiff Gonzales signed an employment contract with USR.

19. Defendants deny the allegations in Paragraph "19" of the Complaint except admit that on or about June 30, 2018, Plaintiff Francisco signed an employment contract with USR.

20. Defendants deny the allegations in Paragraph "20" of the Complaint except admit that on or about March 25, 2019, Plaintiff Jacar signed an employment contract with USR.

21. Defendants deny the allegations in Paragraph "21" of the Complaint except admit that on or about March 26, 2019, Plaintiff Formeloza signed an employment contract with USR.

### A. Defendants' Pattern and Practice of Paying Less Than the Prevailing Wages Required by the Employment Contracts

22. Defendants admit the allegations in Paragraph "22" of the Complaint with regard to USR and deny the allegations therein as to Santos.

23. Defendants admit the allegations in Paragraph "23" of the Complaint, except deny that Plaintiff Gonzales worked for Santos.

24. Defendants deny the allegations in Paragraph "24" of the Complaint and refer all questions of law to the Court for its determination.

25. Defendants admit the allegations in Paragraph "25" of the Complaint, except deny that Plaintiff Francisco worked for Santos.

26. Defendants deny the allegations in Paragraph "26" of the Complaint and refer all questions of law to the Court for its determination.

27. Defendants admit the allegations in Paragraph "27" of the Complaint, except deny that Plaintiff Jacar worked for Santos.

28. Defendants deny the allegations in Paragraph "28" of the Complaint and refer all questions of law to the Court for its determination.

29. Defendants admit the allegations in Paragraph "29" of the Complaint, except deny that Plaintiff Formeloza worked for Santos.

30. Defendants deny the allegations in Paragraph "30" of the Complaint and refer all questions of law to the Court for its determination.

31. Defendants deny the allegations in Paragraph "31" of the Complaint and refer all questions of law to the Court for its determination.

### B. Defendants' Pattern and Practice of Threatening Serious Harm to Prevent Filipino Nurses from Leaving Their Employ

32. Defendants deny the allegations in Paragraph "32" of the Complaint.

#### *1. Defendants' Illegal $90,000.00 Indenture*

33. Defendants deny the allegations in Paragraph "33" of the Complaint.

34. Defendants deny the allegations in Paragraph "34" of the Complaint.

35. Defendants deny the allegations in Paragraph "35" of the Complaint.

36. Defendants deny the allegations in Paragraph "36" of the Complaint.

37. Defendants deny the allegations in Paragraph "37" of the Complaint.

38. Defendants deny the allegations in Paragraph "38" of the Complaint.

39. Defendants deny the allegations in Paragraph "39" of the Complaint.

40. Defendants refer all questions of law in Paragraph "40" of the Complaint to the Court for its determination.

41. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph "41" of the Complaint and refer all questions of law to the Court for its determination.

#### *2. The Nationwide, Three-Year Non-Compete Penalty*

42. Defendants respectfully refer the Court to the contract referenced for the language therein and refer all questions of law in Paragraph "42" of the Complaint to the Court for its determination.

43. Defendants refer all questions of law in Paragraph "43" of the Complaint to the Court for its determination.

44. Defendants refer all questions of law in Paragraph "44" of the Complaint to the

Court for its determination.

45. Defendants deny the allegations in Paragraph "45" of the Complaint.

46. Defendants deny the allegations in Paragraph "46" of the Complaint.

47. Defendants deny the allegations in Paragraph "47" of the Complaint.

48. Defendants deny knowledge or information sufficient to form a belief as to truth or falsity of the allegations in Paragraph "48" of the Complaint and refer all questions of law to the Court for its determination.

49. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph "49" of the Complaint and refer all questions of law to the Court for its determination.

50. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph "50" of the Complaint and refer all questions of law to the Court for its determination.

51. Defendants deny the allegations in Paragraph "51" of the Complaint.

### 3. *Defendants' Threats to Have Plaintiffs Deported*

52. Defendants refer the Court to the contract referenced in Paragraph "52" of the Complaint for the language therein.

53. Defendants deny the allegations in Paragraph "53" of the Complaint.

54. Defendants deny the allegations in Paragraph "54" of the Complaint.

55. Defendants deny the allegations in Paragraph "55" of the Complaint.

56. Defendants deny the allegations in Paragraph "56" of the Complaint.

57. Defendants deny the allegations in Paragraph "57" of the Complaint.

## Class Action Claims

58. Defendants deny the allegations in Paragraph "58" of the Complaint, except admit that Plaintiffs purport to bring the claims as alleged, and refer all questions of law to the Court for its determination.

59. Defendants deny the allegations in Paragraph "59" of the Complaint, and refer all questions of law to the Court for its determination.

60. Defendants deny the allegations in Paragraph "60" of the Complaint, and refer all questions of law to the Court for its determination.

61. Defendants deny the allegations in Paragraph "61" of the Complaint, and refer all questions of law to the Court for its determination.

   a. Defendants deny the allegations in Paragraph "61(a)" of the Complaint, and refer all questions of law to the Court for its determination.

   b. Defendants deny the allegations in Paragraph "61(b)" of the Complaint, and refer all questions of law to the Court for its determination.

      1. Defendants deny the allegations in Paragraph "61(b)(1)" of the Complaint, and refer all questions of law to the Court for its determination.

      2. Defendants deny the allegations in Paragraph "61(b)(2)" of the Complaint, and refer all questions of law to the Court for its determination.

      3. Defendants deny the allegations in Paragraph "61(b)(3)" of the Complaint, and refer all questions of law to the Court for its determination.

4. Defendants deny the allegations in Paragraph "61(b)(4)" of the Complaint, and refer all questions of law to the Court for its determination.

5. Defendants deny the allegations in Paragraph "61(b)(5)" of the Complaint, and refer all questions of law to the Court for its determination.

6. Defendants deny the allegations in Paragraph "61(b)(6)" of the Complaint, and refer all questions of law to the Court for its determination.

7. Defendants deny the allegations in Paragraph "61(b)(7)" of the Complaint, and refer all questions of law to the Court for its determination.

8. Defendants deny the allegations in Paragraph "61(b)(8)" of the Complaint, and refer all questions of law to the Court for its determination.

9. Defendants deny the allegations in Paragraph "61(b)(9)" of the Complaint, and refer all questions of law to the Court for its determination.

10. Defendants deny the allegations in Paragraph "61(b)(10)" of the Complaint, and refer all questions of law to the Court for its determination.

c. Defendants deny the allegations in Paragraph "61(c)" of the Complaint, and refer all questions of law to the Court for its determination.

d. Defendants deny the allegations in Paragraph "61(d)" of the Complaint, and refer all questions of law to the Court for its determination.

e. Defendants deny the allegations in Paragraph "61(e)" of the Complaint, and refer all questions of law to the Court for its determination.

## FIRST CLAIM FOR RELIEF AGAINST ALL DEFENDANTS FOR VIOLATIONS OF THE TRAFFICKING VICTIMS PROTECTION ACT (TVPA) 18 U.S.C. Section 1595

62. Defendants repeat and reallege the responses in Paragraphs "1" through "61" herein in response to Paragraph "62" of the Complaint.

63. Defendants deny the allegations in Paragraph "63" of the Complaint.

64. Defendants deny the allegations in Paragraph "64" of the Complaint.

65. Defendants deny the allegations in Paragraph "65" of the Complaint.

66. Defendants deny the allegations in Paragraph "66" of the Complaint.

67. Defendants deny the allegations in Paragraph "67" of the Complaint.

68. Defendants deny the allegations in Paragraph "68" of the Complaint.

69. Defendants deny the allegations in Paragraph "69" of the Complaint

70. Defendants deny the allegations in Paragraph "70" of the Complaint.

## SECOND CLAIM FOR RELIEF AGAINST ALL DEFENDANTS FOR CONSPIRING TO VIOLATE THE TRAFFICKING VICTIMS PROTECTION ACT (TVPA) 18 U.S.C. Section 1594(b)

71. Defendants repeat and reallege the responses in Paragraphs "1" through "70" herein in response to Paragraph "71" of the Complaint.

72. Defendants deny the allegations in Paragraph "72" of the Complaint.

73. Defendants deny the allegations in Paragraph "73" of the Complaint.

74. Defendants deny the allegations in Paragraph "74" of the Complaint.

75. Defendants deny the allegations in Paragraph "75" of the Complaint.

76. Defendants deny the allegations in Paragraph "76" of the Complaint.

77. Defendants deny the allegations in Paragraph "77" of the Complaint.

78. Defendants deny the allegations in Paragraphs "78(a)" through "78(b)" of the Complaint.

79. Defendants deny the allegations in Paragraph "79" of the Complaint.

80. Defendants deny the allegations in Paragraph "80" of the Complaint.

81. Defendants deny the allegations in Paragraph "81" of the Complaint.

### THIRD CLAIM FOR RELIEF AGAINST ALL DEFENDANTS FOR ATTEMPTING TO VIOLATE THE TRAFFICKING VICTIMS PROTECTION ACT (TVPA) 18 U.S.C. Section 1594(a)

82. Defendants repeat and reallege the responses in Paragraphs "1" through "81" herein in response to Paragraph "82" of the Complaint.

83. Defendants deny the allegations in Paragraph "83" of the Complaint.

84. Defendants deny the allegations in Paragraph "84" of the Complaint.

85. Defendants deny the allegations in Paragraph "85" of the Complaint.

### FOURTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS FOR BREACH OF CONTRACT

86. Defendants repeat and reallege the responses in Paragraphs "1" through "85" herein in response to Paragraph "86" of the Complaint.

87. Defendants refer all questions of law in Paragraph "87" of the Complaint to the Court for its determination.

88. Defendants refer all questions of law in Paragraph "88" of the Complaint to the Court for its determination.

89. Defendants deny the allegations in Paragraph "89" of the Complaint and refer all questions of law to the Court for its determination.

90. Defendants deny the allegations in Paragraph "90" of the Complaint.

91. Defendants deny the allegations in Paragraph "91" of the Complaint.

### FIFTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS FOR DECLARATORY JUDGMENT

92. Defendants repeat and reallege the responses in Paragraphs "1" through "91" herein in response to Paragraph "92" of the Complaint.

93. Defendants refer all questions of law in Paragraph "93" of the Complaint to the Court for its determination.

94. Defendants refer all questions of law in Paragraph "94" of the Complaint to the Court for its determination.

95. Defendants refer all questions of law in Paragraph "95" of the Complaint to the Court for its determination.

96. Defendants refer all questions of law in Paragraph "96" of the Complaint to the Court for its determination.

97. Defendants refer all questions of law in Paragraph "97" of the Complaint to the Court for its determination.

98. Defendants refer all questions of law in Paragraph "98" of the Complaint to the Court for its determination.

99. Defendants refer all questions of law in Paragraph "99" of the Complaint to the Court for its determination.

100. Defendants refer all questions of law in Paragraph "100" of the Complaint to the Court for its determination.

101. Defendants refer all questions of law in Paragraph "101" of the Complaint to the Court for its determination.

## JURY DEMAND

102. Defendants admit that Plaintiffs purport to demand a trial by jury.

## PRAYER FOR RELIEF

103. To the extent not otherwise denied, Defendants deny Plaintiffs are entitled to any relief or remedy specified in the Prayer for Relief.

## DEFENDANTS' DEFENSES

104. Without assuming the burden of proof as to any of the following defenses where the law does not impose such burden, Defendants assert the following defenses:

## AS AND FOR A FIRST DEFENSE

105. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE

106. Plaintiffs' alleged claims are barred, in whole or in part, by the equitable doctrines of laches, unclean hands, waiver, and/or estoppel.

## AS AND FOR A THIRD DEFENSE

107. Plaintiffs are barred from recovering on their breach of contract claim because they failed to fulfill their obligations pursuant to that contract.

### AS AND FOR A FOURTH DEFENSE

108. Plaintiffs' purported class action claims are barred in whole or in part by the applicable statute of limitations.

### AS AND FOR A FIFTH DEFENSE

109. Upon information and belief, there is no personal liability over the individual defendant for the acts complained of herein.

### AS AND FOR A SIXTH DEFENSE

110. Upon information and belief, Plaintiffs have not suffered any damages.

### AS AND FOR A SEVENTH DEFENSE

111. Plaintiffs have failed to mitigate or attempt to mitigate damages, if in fact any damages have been or will be sustained, and any recovery by Plaintiffs must be diminished or barred by reason thereof.

### AS AND FOR AN EIGHTH DEFENSE

112. Defendants' alleged acts or omissions did not cause, exacerbate, or contribute to Plaintiffs' alleged injuries.

### AS AND FOR A NINTH DEFENSE

113. Defendants' decisions and actions were justified by legitimate business decisions and were based on legitimate factors.

### AS AND FOR A TENTH DEFENSE

114. Upon information and belief, Plaintiffs' claims are constitutionally overbroad under 18 U.S.C. § 1589.

## AS AND FOR AN ELEVENTH DEFENSE

115. Plaintiffs' purported class action claims are barred as class action relief is not appropriate because none of the Defendants acted pursuant to a uniform policy or plan that violated the law.

## AS AND FOR A TWELFTH DEFENSE

116. Plaintiffs' purported class action claims are barred as Plaintiffs are not similarly situated to the putative class action individuals who they purport to represent.

## AS AND FOR A THIRTEENTH DEFENSE

117. Class action relief is not appropriate because individual liability and damages issues predominate over issues generally applicable to class action.

## AS AND FOR A FOURTEENTH DEFENSE

118. Plaintiffs' class action claims are barred as Plaintiffs cannot meet the prerequisites to maintain a class action.

## AS AND FOR A FIFTEENTH DEFENSE

119. Upon information and belief, Defendants do not comprise a venture as that term is used in the Trafficking Victims Protection Act, 18 U.S.C. 1589 and 1595.

## AS AND FOR A SIXTEENTH DEFENSE

120. Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available during discovery in this action and reserve the right to amend their Answer to assert any such defenses.

**WHEREFORE**, Defendants pray as follows:

a. That the Complaint be dismissed with prejudice and that Plaintiffs take nothing thereby;

  b.  That the purported class not be certified;

  c.  That judgment be entered in favor of Defendants and against Plaintiffs on all claims;

  d.  That Defendants be awarded their attorneys' fees and costs incurred in defense of this action, and;

  e.  For such other and further relief as the Court deems proper.

Dated: December 19, 2019
    New York, New York

        **TARTER KRINSKY & DROGIN LLP**
        *Attorneys for Defendants*
        *United Staffing Registry, Inc. d/b/a*
        *United Home Care and Benjamin H. Santos*

        By: /s/Richard L. Steer
          Richard L. Steer
          Tara T. Carolan
          Lynn Hsieh
          1350 Broadway, 11th Floor
          New York, New York 10018
          (212) 216-8000
          rsteer@tarterkrinsky.com
          tcarolan@tarterkrinsky.com
          lhsieh@tarterkrinsky.com